FILED
IN OPEN COURT

SEP -9 2015

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 2:15cr59 |
| ) | |
| CHARLES GIBBONS, ) | |
| ) | |
| Defendant. ) | |

## STATEMENT OF FACTS

The parties stipulate that the allegations in Count One of the indictment and the following facts are true and correct, and that had the matter gone to trial the United States would have proven them beyond a reasonable doubt.

1. On May 26, 2014, an investigator from the Hanover County, Virginia Sheriff's Office was conducting an investigation into the sharing of child pornography files on a peer-to-peer file sharing network. The investigator identified a computer with the IP address 108.39.125.53 ("Target IP") as a potential download candidate, with at least 52 files of investigative interest because of their unique characteristics associated with images of minors engaging in sexually explicit conduct (SEC). Over the course of three different dates in May through August of 2014, the investigator downloaded four files from the Target IP.

2. The investigator determined through a query through the American Registry for Internet Numbers that the Target IP is registered to Verizon Online LLC.

3. On August 8, 2014, the investigator submitted an administrative subpoena to Verizon Internet Service and the subscriber's information returned to an address in Chesapeake, Virginia. Law enforcement later determined the address to be the home of CHARLES GIBBONS.

4. Chesapeake is located within the Eastern District of Virginia.

5.  The case was forwarded by the Hanover Sheriff's Office to the City of Chesapeake for further investigation.

6.  On August 27, 2014, a detective with the Chesapeake Police Department successfully completed a download of the file with the name "((jap loli)(ptsc) girl masturbating and being fucked.mpg" via the Ares peer-to-peer filing sharing network from a computer at the Target IP. The file is a video that is over 39 minutes in length and depicts minors engaging in SEC, specifically a female minor between seven and nine years old exposing her genitals, masturbating, using a dildo, and urinating, and an adult penis rubbing the minor's vagina.

7.  On October 1, 2014, the detective successfully completed a download of the file with the name "83.avi" from a computer at the Target IP. The file is a video that is over nine minutes in length and depicts minors engaging in SEC, specifically two female minors between eight and ten years old exposing their genitals and masturbating.

8.  On October 7, 2014, law enforcement executed a search warrant issued from the Commonwealth of Virginia, Chesapeake Circuit Court, at the residence of CHARLES GIBBONS in Chesapeake. Pursuant to the search warrant, law enforcement seized computers and computer media belonging to GIBBONS.

9.  At the same time as the search warrant, CHARLES GIBBONS was interviewed by law enforcement. GIBBONS admitted to downloading and viewing minors engaging in SEC, and to using the Ares software to download child pornography.

10. Subsequent to the search warrant, a computer forensic analysis was performed on CHARLES GIBBONS' computers and other computer media. This analysis revealed the presence of over 6400 images and over 1000 video files of child pornography. These include images that

2

contain visual depictions of prepubescent minors and at least one video file that contains sadistic or masochistic conduct.

11. The investigation and evidence reveal that on or about March 9, 2014, in Chesapeake, in the Eastern District of Virginia and elsewhere, defendant CHARLES GIBBONS did knowingly receive and attempt to receive a visual depiction using a means and facility of interstate and foreign commerce and that had been shipped and transported in and affecting interstate and foreign commerce, and which contained materials which have been so mailed, shipped and transported, by any means including by computer, and the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct, and such visual depiction was of such conduct, that is: CHARLES GIBBONS received and attempted to receive a visual depiction bearing the file name "(~pthc center~)(opva)(2013) paradisebirds nude casey abduction.avi."

12. The visual depiction bearing the name "(~pthc center~)(opva)(2013) paradisebirds nude casey abduction.avi" is a video depicting a minor girl. An adult wearing all black, including a hood covering his/her face undresses the girl, touches her breasts, whips her, inserts a dildo into her mouth, and inserts the dildo into the girl. At one point in the video the girl is bound and gagged.

13. GIBBONS knew that the visual depiction "(~pthc center~)(opva)(2013) paradisebirds nude casey abduction.avi" and other images contained on his computer and computer media were images depicting actual minors engaged sexually explicit conduct. These images were arranged on the computers and computer media in such a way that suggested conscious collection and arranging of the material.

14. The Internet is an interconnected network of computers with which one communicates when on-line, and that network crosses state and national borders.

DANA J. BOENTE
UNITED STATES ATTORNEY

By: _____
Elizabeth M. Yusi
Assistant United States Attorney

_____
Leslie Williams Fisher
Trial Attorney
United States Department of Justice

*U.S. v. CHARLES GIBBONS*, 2:15cr59

After consulting with my attorney and pursuant to the plea agreement entered into this day between the defendant, CHARLES GIBBONS, and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

_____
CHARLES GIBBONS

I am CHARLES GIBBONS' attorney. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

_____
Greg D. McCormack
Counsel for Defendant